UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03643 GAF (JCGx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Jerry Jackson v. Little Caesar Pizza et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      (In Chambers)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

On March 22, 2011, Plaintiff Jerry Jackson ("Jackson") filed this suit against various defendants in Los Angeles County Superior Court. (Docket No. 1, Not. of Removal, Ex. A [Compl.]). Plaintiff alleges violations of the California Building Code and the federal Americans with Disabilities Act ("ADA") and asserts claims under California statutes that, among other things, make ADA violations actionable under state law. (See generally id.) On April 28, 2011, several defendants ("Removing Defendants") removed the action to this Court on the purported basis of federal question jurisdiction. (Not. ¶ 3–4.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Thus, a court may remand a case sua sponte for lack of subject matter jurisdiction. Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)). When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03643 GAF (JCGx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Jerry Jackson v. Little Caesar Pizza et al. | | |

    Here, Removing Defendants contend that this Court has federal question jurisdiction over this case under 28 U.S.C. § 1331.

    A federal court has jurisdiction on the basis of a federal question only where the "well-pleaded complaint establishes . . . that federal law creates the cause of action" or where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13, 27–28 (1983). A question of federal law is not a "necessary element" of a claim where that claim "can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996). In addition, following the Supreme Court's decision in Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804 (1986), the Ninth Circuit has explained that a state-law private action incorporating a federal standard does not "arise under" federal law where "Congress has intended that there not be a federal private action for violations of that federal standard." Wander v. Kaus, 304 F.3d 856, 859 (9th Cir. 2002). Under this standard, claims for damages under a state statute that makes ADA violations actionable under state law do not "arise under" federal law. Id. at 857. As the court explained, "Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA" and that "[t]o exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress." Id.

    Here, Plaintiff asserts three causes of action, all under California law. (Compl. ¶¶ 13–26.) This Court accordingly does not have federal question jurisdiction on the basis of any federal cause of action. In addition, the Court does not have federal question jurisdiction over Plaintiff's claims to the extent that they seek damages. Under Merrell Dow and Wander, those claims do not give rise to federal question jurisdiction because Congress did not intend to create a federal cause of action for claims for damages to remedy ADA violations. Merrell Dow, 478 U.S. at 813; Wander, 304 F.3d at 847.

    Plaintiff also seeks injunctive relief, however. (Compl. ¶¶ 24–26.) The claims for injunctive relief might give rise to jurisdiction under § 1331 if a question of federal law is a "necessary element" to one of the state-law claims. Franchise Tax Bd., 463 U.S. at 13. Removing Defendants suggest that a question of federal law is a "necessary element" of Plaintiff's state-law claims because, as the Complaint indicates, the California provisions on which Plaintiff relies—California Civil Code sections 51, 54, and 54.1—provide that a violation of the federal Americans with Disabilities Act constitutes a violation of those California provisions. (See Not. ¶ 4; Compl. ¶ 9.) Thus, Removing Defendants appear to suggest that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03643 GAF (JCGx) | Date | June 14, 2011 |
|---|---|---|---|
| Title | Jerry Jackson v. Little Caesar Pizza et al. | | |

claims based on these California provisions present the question whether Defendants violated a federal statute, the ADA. (See Not. ¶ 4.) Plaintiff's claims, however, appear to be supported by alternative and independent theories, namely, violation of the ADA and violation of Title 24 of the California Building Code. (See Compl. ¶¶ 8, 9, 14, 22); see also Pickern v. Best Western Timber Cove Lodge, 194 F. Supp. 2d 1128, 1131 n.4 (E.D. Cal. 2002) ("State claims may be premised on violations of the California Building Code, as well as violations of the ADA."). Thus, under Rains, Plaintiff's claims do not appear to have a federal question as a "necessary element" because the state-law theory alone could support relief. See Rains, 80 F.3d at 346; see also Louie v. Hilton, 39900 Balentine Drive, No. 07-0833, 2007 WL 878556, at *1 (N.D. Cal. Mar. 22, 2007) (finding no jurisdiction where the complaint could not "be read as seeking injunctive relief to be premised solely on a violation of the ADA" (emphasis in original) (original quotations omitted)).

For these reasons, it appears that this Court lacks subject matter jurisdiction over this case. Removing Defendants are therefore hereby **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction. Removing Defendants shall file a written response to this order, not to exceed five (5) pages, **by no later than July 5, 2011**. **A failure to file a timely response will be deemed consent to an order remanding this case to state court.**

To aid Removing Defendants in determining whether this Court has jurisdiction over this case, **Plaintiff** is hereby **ORDERED** to clarify the basis of its claims. Plaintiff must file a written response, not to exceed three (3) pages, explaining whether each claim is based on the alleged ADA violations, alleged Building Code violations, both, and/or other violations. Plaintiff must file this response **by no later than June 28, 2011**.

**IT IS SO ORDERED.**